In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 07-2794

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RALPH SHANNON,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06 CR 179—**Barbara B. Crabb**, *Chief Judge.*

————————

ARGUED JANUARY 11, 2008—DECIDED FEBRUARY 29, 2008

————————

Before BAUER, POSNER and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Ralph Shannon pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). The district court sentenced Shannon to 46 months' imprisonment and a life term of supervised release. On appeal, he argues that (1) the federal sentencing scheme approved in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) violates the Fifth and Sixth Amendments; and (2) his sentence was unreasonable. For the following reasons, we affirm.

In 2003, federal authorities initiated a nationwide investigation into a company called Regpay, which owned and operated various members-only internet websites containing images of children engaged in sexually explicit conduct with other children and adults. The investigation revealed that Shannon was one of Regpay's paying customers, and that he had accessed several pornographic websites through Regpay. On March 24, 2005, investigators executed a search warrant at Shannon's home, seizing two desktop computers, three computer hard drives, computer media, child-sized sex toys, and a child-sized mannequin. An examination of the computers and hard drives revealed over 400 images containing child pornography.

On April 20, 2007, Shannon pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). The presentencing investigation report ("PSR"), which the district court adopted, stated that based on Shannon's criminal history category (I) and the offense level (twenty-three), the guidelines range was forty-six to fifty-seven months' imprisonment with a range of two years to life of supervised release. The PSR recommended a sentence of 57 months' imprisonment with a life term of supervised release.

At sentencing, Shannon addressed his objections to the PSR, including the recommended life term of supervised release. The court stated that though Shannon's criminal history category was the lowest possible, his "interest in sexually explicit depictions of children demonstrates a substantial need to protect the public." Taking into consideration Shannon's history and characteristics, as well as the seriousness of the offense, the court found that a sentence of imprisonment on the low end of the

sentencing guideline range would protect the community and reflect the serious nature of Shannon's actions "when the sentence is coupled with a life term of supervised release with stringent conditions." The court recommended that Shannon be afforded the opportunity to participate in sex offender treatment while incarcerated. The district court then sentenced Shannon to 46 months' imprisonment, and a life term of supervised release.

Shannon raises two issues on appeal, the first of which we can dispose of in haste. Shannon argues (as far as we can discern) that his sentence was unconstitutional under the Fifth Amendment and the Sixth Amendment as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the post-*Booker* guidelines scheme impermissibly allows district court judges to find facts that affect federal sentences. Because Shannon failed to raise this issue before the trial court, it is forfeited, and our review is for plain error. *United States v. Matthews*, 505 F.3d 698, 707 (7th Cir. 2007). We have considered similar arguments on multiple occasions, and have rejected them. *See United States v. Roti*, 484 F.3d 934, 937 (7th Cir. 2007); *United States v. Savage*, 505 F.3d 754, 764 (7th Cir. 2007); *United States v. Hollins*, 498 F.3d 622, 633 (7th Cir. 2007); *United States v. White*, 472 F.3d 458, 464-65 (7th Cir. 2006). District court judges do not violate the Constitution when they find facts by a preponderance of the evidence for purposes of calculating a guideline range, as long as the guidelines remain advisory and the ultimate decision is based on consideration of the § 3553(a) factors. *Hollins*, 498 F.3d at 633.

In his other argument on appeal, Shannon also contends that the district court failed to adequately articulate

the reasons for her decision to sentence Shannon to the guidelines recommendation of lifetime supervision. We review sentences for reasonableness, using an abuse of discretion standard. *United States v. Sura*, 511 F.3d 654, 664 (7th Cir. 2007). A sentence is reasonable if the district court gives meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a),[1] including the advisory sentencing guidelines, and arrives at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *Gall v. United States*, 552 U.S. ___, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007); *United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007). The court need not address every § 3553(a) factor in checklist fashion, explicitly articulating its conclusions regarding each one. *United States v. Brock*, 433 F.3d 931, 934-36 (7th Cir. 2006); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Instead the court may

---

[1]  Those factors include, in pertinent part:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) the need for the sentence imposed—

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>> (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

simply give an adequate statement of reasons, consistent with § 3553(a), for thinking the sentence it selects is appropriate. *United States v. Harris*, 490 F.3d 589, 597 (7th Cir. 2007). A sentence within a properly calculated guideline range is presumed reasonable. *United States v. Haskins*, 511 F.3d 688, 695 (7th Cir. 2007) (citing *Rita v. United States*, ___ U.S. ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (adopting a rebuttable presumption of reasonableness for within-guidelines sentences).

In this case, the district court sufficiently explained Shannon's sentence, including the life term of supervised release. The court took into consideration: (1) Shannon's limited criminal history, *see* § 3553(a)(1); (2) the serious nature of the offense, *see id.*; (3) the fact that Shannon's interest in child pornography demonstrated a "substantial need to protect the public," *see* § 3553(a)(2)(C); and (4) Shannon's need for sex offender treatment and supervision, *see* § 3553(a)(2)(D). After explaining these factors, the court found that a sentence at the low end of the guidelines range for imprisonment and at the high end of the range for supervised release was required in this case. The court adequately addressed the objections raised by Shannon, and demonstrated nothing short of a thorough and thoughtful analysis of Shannon's case. Shannon presents nothing to disturb the rebuttable presumption of reasonableness of his within-guidelines sentence.

Accordingly, we AFFIRM Shannon's sentence.