NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008
Decided May 28, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2349

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2: 05 CR 188 PS |
| JUSTIN MOORE, *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Undercover agents discovered Justin Moore in an online chatroom where he advertised "100%preTeenGirlSexPics." An investigation revealed that Moore ran a server that contained approximately 13,000 single-image files and 30 video files containing child pornography, including pictures of girls as young as 5 years old. As the administrator of this server, Moore allowed other users to access the images on the server in exchange for uploading similar images or videos. Moore pleaded guilty to one count of distributing child pornography and one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), and the district court sentenced him to 210 months' imprisonment.

Moore appeals, but his appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Moore to respond to counsel's motion, *see* CIR. R. 51(b), but he has not submitted a response. Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Moore informed counsel that he does not want his guilty pleas set aside, and so counsel appropriately omits from his brief any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Counsel first considers whether Moore could challenge the reasonableness of his sentence. Based on the pre-sentence report, the district court calculated Moore's base level offense level to be 40, *see* U.S.S.G. § 2G2.2, and then subtracted three levels for acceptance of responsibility, *see id*. § 3E1.1. Moore did not have any criminal history, and the resulting total offense level of 37 yielded an imprisonment range of 210 to 262 months.

Counsel examines whether Moore could challenge the upward adjustment for distribution of child pornography in exchange for a thing of value, *see* U.S.S.G. § 2G2.2(b)(3)(B), to which he objected at sentencing. We review a district court's findings of fact at sentencing for clear error. *See United States v. Choiniere*, 517 F.3d 967, 973 (7th Cir. 2008). We agree with counsel that any such challenge would be frivolous because the guidelines specifically note that child pornographic material is a "thing of value," *see* U.S.S.G. § 2G2.2 cmt. 1, and here Moore expected to receive pornographic images and videos in exchange for allowing users to view the images he already had. Counsel next considers whether Moore could challenge the upward adjustment for sadistic or masochistic images, *see id.* § 2G2.2(b)(4). Moore also objected to this upward adjustment at sentencing, arguing that he did not intend to obtain such images. But counsel correctly concludes that any such argument would be frivolous because the adjustment applies "regardless of whether the defendant specifically intended to possess, receive, or distribute such materials." *See id.* § 2G2.2 comment. (n. 2).

Counsel also examines whether Moore could challenge his sentence as unreasonable, and he acknowledges that a sentence within the properly calculated guidelines range is entitled to a presumption of reasonableness on appeal. *See United States v. Anderson*, 517 F.3d 953, 966 (7th Cir. 2008); *United States. v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). At sentencing the district court concluded that a sentence below the suggested guidelines range was not warranted in this case because of the seriousness of Moore's crime, which perpetuated the abuse of children, and because of the need to deter such conduct in the future. The district court gave meaningful consideration to the § 3553(a) factors, and therefore we agree with counsel that any argument challenging the reasonableness of Moore's sentence would be frivolous. *See United States v. Rita*, 127 S. Ct. 2456, 2462-63

(2007); *see also United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).  Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.