**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008
Decided June 4, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1122

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States<br>District Court for the<br>Southern District of Illinois. |
| *v.* | No. 07 CR 30097 |
| MARIO JONES,<br>    *Defendant-Appellant*. | G. Patrick Murphy,<br>*Judge*. |

**O R D E R**

A 911 dispatcher received a call warning that a man "walking through the projects" in Alorton, Illinois, was "shooting a gun." The caller identified the shooter as Mario Jones and described his attire. A police officer responded and detained a man fitting the caller's description, later identified as Jones. A pat-down search revealed a revolver in his waistband. Jones was arrested and charged in federal court with possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). At trial Jones attempted to establish through cross-examination that the Alorton officer had lied when he said he found the gun on Jones. A jury found Jones guilty, and he was sentenced to 115 months' imprisonment.

Jones appeals, but his appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Jones did not accept our invitation to respond to counsel's motion, *see* CIR. R. 51(b), but instead he moved for the appointment of substitute counsel. Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his brief counsel identifies three potential issues that Jones might raise on appeal. First, counsel considers whether Jones could argue that the district court abused its discretion by purportedly limiting the defense from discussing during closing argument a highly publicized confrontation between a motorist and a police officer in suburban St. Louis, Missouri. Trial counsel had suggested that threats made by the officer during that incident, which occurred just weeks before Jones's trial, would never have come to light had the motorist not recorded a video and posted the footage on You Tube. And without a video, counsel told the jury, the Alorton "officer's word" that he found the gun in Jones's waistband "can't alone give you a reasonable doubt."

It is within a district court's discretion to exclude peripheral issues from closing arguments, *see United States v. White*, 472 F.3d 458, 463 (7th Cir. 2006); *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999), and indeed it is the duty of the court to exclude matters that might perpetuate preexisting prejudices, *see Doe v. Burnham*, 6 F.3d 476, 481 (7th Cir. 1993). In this case it is difficult to discern any limitation imposed by the court—other than a general admonishment that defense counsel should "make it brief"—and counsel (who also represented Jones at trial) does not say what else he might have told the jury about the incident if given the additional "latitude" he says he was denied. In any event, the court would have been within its discretion to preclude all mention of the taped encounter. That incident had nothing do with Jones's case, the video was not part of the trial evidence, and defense counsel's only purpose in bringing it up was to bolster his position that a police officer's uncorroborated testimony cannot support a guilty verdict. Therefore, counsel correctly concludes that this argument is frivolous.

Second, counsel considers whether Jones could challenge his prison sentence. In assessing the legitimacy of Jones's sentence, counsel initially evaluates whether the district court was aware that it must not presume a sentence within the guidelines' range to be reasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. McIlrath*, 512 F.3d 421, 426 (7th Cir. 2008). At sentencing the district court acknowledged that the guidelines are advisory. Any argument that the district court erroneously thought itself bound by the guidelines would therefore be frivolous.

Counsel also evaluates whether Jones could argue that the district court premised its choice of sentence on a factual assumption that lacks an evidentiary basis. We review a district court's factual determinations at sentencing for clear error. *United States v. Santiago*, 495 F.3d 820, 824 (7th Cir. 2007). At sentencing the district court concluded that Jones had fired the revolver just as the 911 caller said he did. The government produced no witness who actually saw Jones fire the revolver, and the identity of the 911 caller remains unknown. Thus, Jones could potentially argue that the district court's factual conclusion is unsupported. But that contention would fail because the caller's statement that Jones was "shooting a gun" was corroborated by the evidence of a spent casing in the cylinder of the gun recovered from Jones. Counsel correctly identifies this as a frivolous argument.

Counsel then assesses the overall reasonableness of Jones's sentence. The district court calculated Jones's base offense level as 24, *see* U.S.S.G. § 2K2.1(a)(2), which combined with his criminal history category of V yielded an imprisonment range of 92 to 115 months. The district court then sentenced Jones to the highest possible within-guidelines sentence—115 months. A sentence within a properly calculated guidelines range is entitled to a presumption of reasonableness. *See United States v. Anderson*, 517 F.3d 953, 966 (7th Cir. 2008); *United States. v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). Here, the district court gave meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a) and found that a sentence at the high end of the guidelines range was appropriate because of Jones's significant criminal history and the inherent dangerousness of the crime. Therefore, counsel correctly concludes that any argument challenging the reasonableness of Jones's sentence would be frivolous. *See United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).

Finally, counsel addresses whether Jones could argue that he did not receive effective representation at trial. We have repeatedly stated that any such claim would be better raised in a petition for habeas corpus, *see United States v. Harris*, 394 F.3d 543, 557 (7th Cir. 2005) (collecting cases), and counsel is correct to recognize the perils of making this argument on direct appeal. Additionally, as counsel points out, it is entirely impractical for the appellant to argue that his trial counsel was ineffective when trial and appellate counsel are one and the same—as is the situation here. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Therefore, it is prudent for Jones to forgo raising this argument on direct appeal. In this case Jones asked that we appoint substitute counsel, which would leave appellate counsel free to comment on the trial lawyer's performance. But the point of *Anders* is that a defendant has no right to appointed counsel where an appeal is deemed frivolous. *See United States v. Eggen*, 984 F.2d 848, 850 (7th Cir. 1993). Nevertheless, neither Jones nor his counsel has identified any basis for bringing an ineffective-assistance claim; any claim Jones might have is best saved for collateral proceedings. *See United States v. Wilson*, 481 F.3d 475, 484-85 (7th Cir. 2007).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. Jones's motion for the appointment of substitute counsel is DENIED.