NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 14, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3487

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 07 CR 48 |
| PEDRO GUTIERREZ-ARIAS, *Defendant-Appellant.* | Robert L. Miller, Jr., *Chief Judge*. |

**O R D E R**

Pedro Gutierrez-Arias, a Mexican citizen, was deported following a 1995 California conviction for possessing and intending to sell marijuana. *See* Cal. Health & Safety Code § 11359. But in 2006 he returned to the United States, where officials found him in Elkhart, Indiana and charged him with illegal reentry. Gutierrez-Arias pleaded guilty to being in the country without permission, *see* 8 U.S.C. § 1326(a), and the district court sentenced him to a prison term of 46 months followed by 3 years' supervised release. Gutierrez-Arias now appeals, but his appointed lawyer has moved to withdraw because he cannot discern any

nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). We invited Gutierrez-Arias to comment on counsel's submission, *see* Cir. R. 51(b), but he has not responded. We therefore review only those potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Gutierrez-Arias does not wish to challenge his guilty plea in this court, and so he properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Instead, counsel considers whether Gutierrez-Arias could argue that the district court violated the Sixth Amendment by holding a preliminary hearing that counsel did not attend. On April 13, 2007, Gutierrez-Arias initially appeared, without counsel, before a magistrate judge who explained the charged offense through an interpreter and informed Gutierrez-Arias of his right to counsel. Gutierrez-Arias told the judge that he intended to hire his own lawyer and that he would need two days to do so. The judge set a second hearing four days later, but at that hearing Gutierrez-Arias again appeared without counsel because the lawyer he retained had not shown up. The judge reminded Gutierrez-Arias that he could ask the court to appoint counsel, and postponed the hearing two days to give him time to talk to his lawyer or find a new one. On April 19, 2007, Gutierrez-Arias appeared with counsel and remained represented for the remainder of the proceedings.

The Sixth Amendment right to counsel attaches at the beginning of "adversary judicial proceedings." *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007) (citing *Fellers v. United States,* 540 U.S. 519, 523 (2004) and *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)). It applies not only at trial but at any critical stage of the prosecution, including preliminary hearings. *See United States v. Spruill*, 296 F.3d 580, 585 (7th Cir. 2002); *United States v. Febus*, 218 F.3d 784, 793-94 (7th Cir. 2000). However, a denial of the right to counsel at a preliminary hearing is subject to harmless-error review. *See United States v. Lott*, 433 F.3d 718, 722-23 (10th Cir. 2006); *United States v. Owen*, 407 F.3d 222, 227-30 (4th Cir. 2005); *United States v. Harbin*, 250 F.3d 532, 544 (7th Cir. 2001). Counsel cannot identify any injury Gutierrez-Arias suffered because he had no lawyer with him at the preliminary hearings, and on this record neither can we. Indeed, the two initial hearings consisted primarily of discussion of how Gutierrez-Arias would secure representation. If the district court erred, its mistake was harmless, and any argument to the contrary would be frivolous.

The district court also refused to strike language in the indictment describing Gutierrez-Arias's California conviction as an "aggravated felony," and so counsel next contemplates whether Gutierrez-Arias could challenge that ruling. However, as counsel correctly observes, Gutierrez-Arias waived the issue by pleading guilty. *See* Fed. R. Crim. P. 11(a)(2); *United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005); *United States v. Rogers*, 387

F.3d 925, 932 (7th Cir. 2004). Contesting the district court's decision on the motion would therefore be frivolous.

Counsel next turns to three potential sentencing challenges. At sentencing the district court began with a base offense level of 8, *see* U.S.S.G. § 2L1.2, and added 16 levels because Gutierrez-Arias had been removed after committing a drug trafficking crime, *see id.* The court then subtracted two levels for acceptance of responsibility, *see id.* § 3E1.1(a), but refused to subtract a third point because the government had not moved for a further reduction, *see id.* § 3E1.1(b). The resulting total offense level of 22 combined with Gutierrez-Arias's criminal history category of II yielded an imprisonment range of 46 to 57 months, and after considering the factors set forth in 18 U.S.C. § 3553(a), the court sentenced him at the very bottom of the guidelines range.

Counsel first asks whether Gutierrez-Arias could argue that the district court should have subtracted a third point from his base offense level for accepting responsibility. However, the district court may not grant the third point for acceptance of responsibility unless asked to do so by the government, and here the government sought no such reduction. *See* U.S.S.G. § 3E1.1(b); *United States v. Pacheco-Diaz*, 506 F.3d 545, 552 (7th Cir. 2007). Counsel concludes that any argument that Gutierrez-Arias was entitled to a third reduction would be frivolous, and we agree.

Counsel next considers whether Gutierrez-Arias could argue that the district court erred by increasing his base offense level based on his 1995 California conviction, on the theory that the conviction was only for possession and not trafficking. But Gutierrez-Arias was convicted of possessing marijuana for sale. *See* Cal. Health & Safety Code § 11359. And the guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv); *see also United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1095 (9th Cir. 2007) (holding that prior conviction under Cal. Health & Safety Code § 11359 categorically qualifies as a "drug trafficking offense" under the federal sentencing guidelines). Gutierrez-Arias's conviction for possessing marijuana for sale precisely fits the guidelines definition, and any argument to the contrary would be frivolous.

Finally, counsel questions whether Gutierrez-Arias could argue that his sentence was unreasonable but concludes that any such argument would be frivolous. We agree. A sentence within a correctly calculated guidelines range is presumptively reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). In assessing reasonableness, we ask whether the district court gave "meaningful consideration" to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v.*

*Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).  Here, the district court properly calculated a guidelines range of 46 to 57 months and imposed a term at the bottom end of that range after taking into account Gutierrez-Arias's history and characteristics, *see* 18 U.S.C. § 3553(a), including the facts that Gutierrez-Arias had returned to the United States to support his family and that despite his history of drug crimes he had not committed any crimes since reentering.  Counsel cannot identify any reason why we should conclude that Gutierrez-Arias's sentence represents an exception to the presumption of reasonableness, nor on this record can we.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.