NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2009
Decided February 2, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1505

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 CR 677 |
| DARREN HOLLIS, | |
| *Defendant-Appellant.* | Wayne R. Andersen, |
| | *Judge.* |

**O R D E R**

Darren Hollis pleaded guilty to misappropriating postal funds, see 18 U.S.C. § 1711, and was sentenced to twelve months and one day in prison. Hollis appeals, but his newly appointed counsel cannot identify any nonfrivolous arguments to pursue and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Hollis opposes counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief and in Hollis's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The government estimated that Hollis, who worked for the United States Postal Service as a window clerk, stole $52,560 from his cash drawer over a four-year period. Penelope Mundo, a postal inspector, testified at sentencing that on more than 400 occasions Hollis manipulated rental payments for post office boxes to disguise his thefts of cash. During her investigation, Agent Mundo even videotaped Hollis pocketing money from the cash register several times.

During the plea colloquy, Hollis admitted only that he stole more than $1,000—the threshold for a felony—and at sentencing he disputed the government's calculation of loss. Hollis testified that his cash drawer was always short of change at the start of his shift, and so he regularly added $300 of his own money. The cash he was seen removing at the end of the day, Hollis continued, was his own money. Agent Mundo countered that when she conducted surveillance at the start of Hollis's shifts, she never saw him place cash into his register. Hollis's supervisors denied that they had a problem with too little change.

The district court calculated a total offense level of 12. The court began with a base offense level of six, see U.S.S.G. § 2B1.1(a)(2), and added six levels because of the amount of loss, see *id.* § 2B1.1(b)(1)(D). The court credited the government's loss estimate of $52,560 and assessed a two-level upward adjustment for obstruction of justice based on Hollis's insistence on a lower number. See *id.* § 3C1.1. At the same time, however, the court subtracted two levels for acceptance of responsibility. See *id.* § 3E1.1(a). The court reasoned that Hollis had "steadfastly admitted that he committed the acts which constitute the offense." The total offense level of 12 and Hollis's criminal history category of I yielded an imprisonment range of 10 to 16 months.

In the *Anders* submission, counsel first considers whether Hollis could challenge his guilty plea. Hollis, though, has told counsel that he does not want the plea set aside, and so counsel appropriately omits any discussion of the plea colloquy or the voluntariness of Hollis's guilty plea. See *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next examines whether Hollis could argue that the district court erred in applying the increase for obstruction of justice on the theory that, since Hollis admitted he committed a crime, he could not have impeded the administration of justice. See U.S.S.G. § 3C1.1. But obstructive conduct includes "providing materially false information to a judge or magistrate," and false information is material if it "would tend to influence or affect the issue under determination" if credited. See *id.* cmt. nn.4(f), 6. The district court found that Hollis made "a consistent effort to understate the amount of money that he got as a result of his embezzlement with a goal towards reducing his sentence." Any challenge to the increase for obstruction thus would be frivolous. See *United States v. Sharp*, 436 F.3d 730, 733, 737 (7th

Cir. 2006) (upholding increase under § 3C1.1 where defendant lied at sentencing about drug quantity); *United States v. Martin*, 287 F.3d 609, 620 (7th Cir. 2002) (upholding increase where defendant lied at trial about not consenting to a search).

Counsel also considers whether Hollis could argue that the district court's loss calculation is clearly erroneous. See *United States v. Sykes*, 357 F.3d 672, 675 (7th Cir. 2004) (reviewing calculation of loss for clear error). A sentencing court need only make a reasonable estimate of loss, *United States v. Bhutani*, 266 F.3d 661, 668 (7th Cir. 2001), and reversal would be warranted only if the court's calculation "evokes a 'definite and firm conviction that a mistake has been made.'" *United States v. Schaefer*, 291 F.3d 932, 937-37 (7th Cir. 2002) (citation omitted). On appeal the burden would be on Hollis to show that the court's finding is "not only inaccurate, but also outside the realm of permissible computation." *United States v. Mantas*, 274 F.3d 1127, 1131 (7th Cir. 2001). Hollis did not produce any evidence but simply denied the government's figure, and so challenging the district court's loss calculation would be futile.

In his Rule 51(b) response, Hollis asserts that the court's calculation is not supported by sufficient evidence. He first contends that the government based its figure on handwritten receipts rather than computer-generated data. Why this would matter is unclear, but in any event Hollis is mistaken. Agent Mundo examined both the computer entries and the paper receipts Hollis created when he siphoned rental payments for post office boxes. Hollis also contends that Mundo should not have been permitted to testify about losses that occurred before she commenced her investigation in 2005. Investigators are not precluded from reconstructing events based on records of past transactions, and Hollis's contrary suggestion is frivolous.

Equally frivolous is Hollis's contention that factors affecting the guidelines range were required to be alleged in the indictment and proved at sentencing beyond a reasonable doubt. We have explained on many occasions that the Supreme Court rejected this contention in *United States v. Booker*, 543 U.S. 220, 244 (2005). See, e.g., *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008); *United States v. Hollins*, 498 F.3d 622, 633 (7th Cir. 2007).

Finally, Hollis asserts that trial counsel's performance was deficient. A claim of ineffective assistance, however, is better pursued in a collateral proceeding where the record may be fully developed. See *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.