**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2009
Decided February 20, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1289

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:07-cr-00134-JPS-1 |
| JAIME ANTONIO LARA-CASTILLO, | J.P. Stadtmueller, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Jaime Lara-Castillo pleaded guilty to conspiracy to transport stolen over-the counter products and infant formula in interstate commerce, *see* 18 U.S.C. § 2314, and the district court sentenced him to 57 months' imprisonment. Lara-Castillo filed a notice of appeal, but his appointed attorney has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Lara-Castillo to comment on counsel's motion, *see* CIR. R. 51(b), which he has done. We thus review the potential issues identified in counsel's facially adequate brief and Lara-Castillo's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Lara-Castillo could challenge the reasonableness of his 57-month prison sentence but concludes that any such argument would be frivolous. We agree. A sentence within a correctly calculated Guidelines range is presumptively reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). In assessing reasonableness, we ask whether the district court gave "meaningful consideration" to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). Here, the district court properly calculated a Guidelines range of 57 to 71 months and imposed a term at the very bottom of that range after taking into account the factors in § 3553(a), including Lara-Castillo's HIV-positive diagnosis, his daughter's rare medical condition, and his status as an undocumented alien. The court also noted the serious nature of the offense and the cost to taxpayers associated with housing Lara-Castillo. Counsel cannot identify any basis for concluding that Lara-Castillo's 57-month sentence might be the exception to *Rita*'s presumption of reasonableness, nor can we.

In his Rule 51(b) response, Lara-Castillo poses two challenges to the district court's calculation of his sentence. First, he argues that the court erred by failing to give him a one-level reduction for acceptance of responsibility based on his having notified authorities of his intent to plead guilty. *See* U.S.S.G. § 3E1.1(b). However, he received the reduction when the court subtracted *three* levels for his accepting responsibility. Second, Lara-Castillo contends that the district court erred by adding two points to his criminal history calculation because, he insists, he was not on probation when he committed the offense at issue. *See id.* § 4A1.1(d). But the plea agreement and presentence report, which the court adopted without objection, described Lara-Castillo as a full participant in the conspiracy while on parole in 2004 and 2005. Any such arguments would therefore be frivolous.

Lara-Castillo also suggests that the plea agreement used at sentencing was a different version from the one he signed. Yet he provides no evidence for this assertion. Moreover, the agreement advises that the "sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence." And at sentencing the district court used the presentence report to establish a Guidelines range, which both parties accepted. Thus, the claim is baseless.

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.