NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2009
Decided July 15, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2122

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

L. C. GRAVES,
    *Defendant-Appellant*.

Appeal from the
United States District Court for the
Western District of Wisconsin.

No. 07-CR-165

Barbara B. Crabb,
*Chief Judge*.

**O R D E R**

L. C. Graves pleaded guilty to possession with intent to distribute cocaine, *see* 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of the drug offense, *see* 18 U.S.C. § 924(c). The district court sentenced Graves to 248 months' imprisonment—188 months on the drug count and 60 months on the gun count, to be served consecutively. Graves now appeals. Because both sentences are reasonable, we affirm.

On two separate occasions Graves sold cocaine to a confidential police informant. Three days later the police executed a search warrant at Graves's residence, recovering

547 grams of cocaine, two digital scales, a banknote counter, two cell phones, two safes, $15,700 in cash, and two firearms. Shortly thereafter Graves reached a plea agreement with the government.

The probation officer then prepared a presentence investigation report, which calculated Graves's offense level at 31 and his criminal history category at VI, resulting in a recommended guidelines range of 188 to 235 months. The probation officer also noted that the second count carried a mandatory minimum of 60 months' imprisonment, to be served consecutively to the drug charge.

At sentencing Graves argued that the court should depart from the guidelines because he had accepted responsibility and had been working, pursuing an education, and paying child support. Graves also pointed out that he committed most of his earlier, more violent crimes as a young man living in a rough Chicago neighborhood surrounded by gangs. The government countered that although he grew up in a tough environment, Graves had a lengthy, violent criminal history, and he decided to continue violating the law by selling drugs.

After hearing both arguments, the district court sided with the government. The court acknowledged Graves's "terrible start in life," but found that it did not excuse his decision to live a life of crime. Noting that Graves's criminal history, which included attempted murder, suggested a likelihood that he would commit further crimes, *see* 18 U.S.C. § 3553(a), the court sentenced him to 188 months' imprisonment on the drug count plus a consecutive 60-month term on the gun count.

Graves first argues on appeal that the district court impermissibly treated the guidelines as presumptively reasonable. The court, Graves continues in a related argument, placed undue weight on the guidelines by relying on the presentence report's career offender classification in determining his sentence. Graves is correct that a district court may not presume that the guidelines are reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). The court's comments here, however, indicate that it fully understood the advisory nature of the guidelines and followed the appropriate sentencing procedures found in 18 U.S.C. § 3553(a). The judge accepted the "*advisory* guidelines" imprisonment range, took "into consideration the *advisory* sentencing guidelines," and ultimately chose a reasonable sentence at the bottom of the range. At no point did the court presume the guidelines to be reasonable or place undue weight on them in determining Graves's sentences.

Graves next contends that his sentence (248 months total) is unreasonable because it is longer than necessary to effectuate the purposes of § 3553(a). He argues that the court's

"largely nonexistent explanation" was insufficient to satisfy § 3553(a). Yet the court offered several reasons for sentencing him to the bottom of the guidelines range: Graves joined a street gang; abused alcohol while driving; committed numerous other serious crimes, including attempted first-degree murder, aggravated discharge of a firearm, and aggravated battery; and then chose to get involved in "large scale cocaine dealing." Previous terms of incarceration, the court noted, failed to deter him from committing future offenses. Further, the court specifically addressed Graves's request for leniency, but found that the serious nature of the offense, his criminal history, and the need to protect the public outweighed Graves's "terrible" start to life. That is more than enough to bring this sentence within the appellate presumption of reasonableness. *See United States v. Shannon*, 518 F.3d 494, 496-97 (7th Cir. 2008).

Accordingly, we **AFFIRM** the district court's judgment.