NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 11, 2009
Decided July 16, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1979

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>PETER L. CRAIGG,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 07-CR-233<br><br>William C. Griesbach,<br>*Judge*. |

**O R D E R**

Peter Craigg pleaded guilty to maintaining a drug trafficking house, *see* 21 U.S.C. § 856, and received a below-guidelines sentence of 120 months in prison.  Craigg appeals, but his appointed counsel has moved to withdraw because he has been unable to identify a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Craigg to comment on counsel's submission, *see* CIR. R. 51(b), but he has not responded. We therefore limit our review to the potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In January 2007 Wisconsin authorities observed four controlled buys of crack at Craigg's home, where he lived with his girlfriend.  A search of the house later uncovered approximately 131 grams of crack cocaine and $1,840 cash.  Craigg was charged in a two-count indictment with conspiring to distribute 50 or more grams of crack, *see* 21 U.S.C. § 846, and possessing with intent to distribute 50 or more grams of crack, *see id*. § 841(b)(1)(A).  The government also filed an information charging Craigg with having been convicted of a prior drug felony.  In January 2008 Craigg agreed to plead guilty to maintaining a residence for the purpose of distributing crack, and in exchange for his plea the government dismissed both the conspiracy and possession charges.

Counsel first considers whether it would be frivolous for Craigg to challenge the voluntariness of his plea when the district court did not wholly comply with Federal Rule of Criminal Procedure 11 in conducting Craigg's plea colloquy.  Counsel, having verified that Craig wishes to withdraw his guilty plea, properly considers this issue.  *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).  Because Craigg did not move to withdraw his plea in the district court, we would review the adequacy of the plea colloquy for plain error.  *See United States v. Linder*, 530 F.3d 556, 562 (7th Cir. 2008).  Counsel notes two omissions in the plea colloquy: first, the district court did not specifically advise Craigg that, if he lied under oath, the government could prosecute him for perjury, *see* FED. R. CRIM. P. 11(b)(1)(A), and second, the district court did not explicitly tell Craigg that he had the right to plead not guilty, *see* FED. R. CRIM. P. 11(b)(1)(B).  On this record, both omissions are harmless.  Because Craigg's plea agreement advised him that he could be prosecuted for perjury and that he had the right to plead not guilty, it would be frivolous to argue that the omission of these two oral warnings constituted plain error.  *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). Additionally, Craigg was not harmed by the court's failure to warn him of the consequences of perjury because there is no current or prospective prosecution against him for perjury.  *See United v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).  And Craigg knew he could plead not guilty because he had so pleaded as to the conspiracy and possession charges.  *See Knox*, 287 F.3d at 670.  Finally, we note that although harmless on this record, these omissions are far from inconsequential and entirely preventable.  We strongly suggest that district court judges follow the model for conducting a plea colloquy outlined in the Benchbook for U.S. District Court Judges to ensure that omissions of this nature are eliminated.  *See* § 2.01 (5th ed. 2007); *also available at* http://cwn.fjc.dcn/public/pdf.nsf/lookup/Benchbk5.pdf/$file/Benchbk5.pdf (last visited Feb. 11, 2009).

Counsel also considers whether Craigg could challenge the reasonableness of his sentence.  At sentencing the district court consulted the Sentencing Guidelines and calculated Craigg's guidelines range to be 130 to 162 months in prison.  The court

considered the factors set forth in 18 U.S.C. § 3553(a), explaining that, given Craigg's previous convictions for dealing crack and the dangerousness of the offense, a significant sentence was needed to deter future dealing on Craigg's part. *See* § 3553(a)(2)(A) and (B). Further, we have never considered a below-range sentence such as Craigg's to be unreasonably high. *See e.g., United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). Because the district court here meaningfully considered the § 3553(a) factors, we agree with counsel that any argument challenging the reasonableness of Craigg's sentence would be frivolous. *See United States v. Rita*, 127 S. Ct. 2456, 2462-63 (2007); *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.