NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013
Decided March 29, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1635

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>CHRISTOPHER J. REID,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:11CR00147-001<br><br>Jane E. Magnus-Stinson,<br>*Judge.* |

**ORDER**

Christopher Reid photographed and recorded videos of his four-year-old stepdaughter in sexually explicit poses and exchanged those images for more child pornography from other members of an online group. Reid pleaded guilty to sexual exploitation of a child, 18 U.S.C. § 2251(a), and conspiracy to distribute and receive child pornography, *id.* § 2252(b)(1), (a)(2). Reid did not object to the guidelines sentence of 600 months calculated by the district court, but did ask for a shorter prison term to be followed by supervised release for life. Reid contended that he was less culpable than others in his online group who trafficked in sadomasochistic child pornography. The district court

agreed that a sentence below the range was appropriate and imposed a total of 420 months' imprisonment to be followed by a life term of supervised release.

Reid filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Reid has not responded to his lawyer's submission. *See* CIR. R. 51(b).

Reid's attorney does not say whether he spoke to the defendant about challenging his guilty pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But this omission does not require that we deny the *Anders* motion. The transcript of the plea colloquy confirms that the district court accepted Reid's guilty pleas only after substantially complying with the requirements of Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The district court explained to Reid the rights he would relinquish by pleading guilty, warned him of the consequences of his guilty pleas, ensured that those pleas were voluntary, and determined that factual bases for the pleas existed. *See* FED. R. CRIM. P. 11(b). The district court's only oversight—neglecting to tell Reid that the government could use his sworn statements from the colloquy in a prosecution for perjury, *see id.* 11(b)(1)(A)—was inconsequential because there is no reason to believe that a perjury charge is contemplated. *See Blalock*, 321 F.3d at 689; *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). On the present record it would be frivolous for Reid to challenge the voluntariness of his pleas. *See Konczak*, 683 F.3d at 349.

Counsel's search for potential issues disclosed only a possible challenge to the reasonableness of Reid's overall prison sentence, but counsel correctly concludes that such a challenge would be frivolous. Indeed, the total sentence of imprisonment is below the guidelines range—which began as life but was limited by the combined statutory maxima for the two counts, *see* 18 U.S.C. §§ 2252(b)(1), 2251(e); U.S.S.G. §§ 5G1.1(a), 5G1.2 cmt. n.3—and presumed reasonable. *See United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012); *United States v. Martinez*, 650 F.3d 667, 673 (7th Cir. 2011). The term of supervised release is within the guidelines range and also presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Shannon*, 518 F.3d 494, 496–97 (7th Cir. 2008).

Counsel cannot identify any reason to rebut those presumptions, nor can we. In determining Reid's sentence, the district court evaluated the factors listed in 18 U.S.C. § 3553(a), emphasizing the seriousness of Reid's exploitation of his stepdaughter and the need to protect the public (particularly vulnerable children). The court also considered Reid's lesser culpability than others in his online group who trafficked in sadomasochistic

child pornography. *See Martinez*, 650 F.3d at 671; *United States v. Tahzib*, 513 F.3d 692, 694–95 (7th Cir. 2008). Thus a reasonableness challenge would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.