NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016
Decided November 10, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1414

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CR-74-4-JPS |
| JERROD D. PATTERSON, *Defendant-Appellant.* | J. P. Stadtmueller, *Judge.* |

## O R D E R

For several years Jerrod Patterson conspired with other Gangster Disciples to sell heroin and other drugs in Kenosha, Wisconsin. Federal authorities broke up the ring in early 2015, but Patterson fled and remained a fugitive for almost six months. After he was caught, Patterson pleaded guilty to distributing heroin, 21 U.S.C. § 841(a)(1), and was sentenced below the guidelines' imprisonment range to 125 months to be followed by three years of supervised release. Patterson filed a notice of appeal, but his appointed attorney moves to withdraw on the ground that the appeal is frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Patterson has not accepted our invitation to respond to counsel's motion. See CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit

our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Patterson does not wish to challenge his guilty plea, and thus the lawyer appropriately forgoes discussing the voluntariness of the plea and adequacy of the plea colloquy. See FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel has not identified any potential procedural error at sentencing, leaving only the possible claim that Patterson's sentence is substantively unreasonable. But as counsel correctly recognizes, that claim would be frivolous. The district court, after finding that Patterson is a career offender, see U.S.S.G. § 4B1.1, calculated a total offense level of 29 and a criminal history category of VI. Patterson did not dispute these calculations, which yielded an imprisonment range of 151 to 188 months and a recommended three-year term of supervised release. Patterson's below-range prison sentence is presumed reasonable, see *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), as is his within-guidelines term of supervised release, see *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014); *United States v. Shannon*, 518 F.3d 494, 496–97 (7th Cir. 2008). Counsel has not identified any reason to rebut those presumptions, nor have we.

In determining the appropriate sentence, the district court addressed Patterson's arguments in mitigation and evaluated the sentencing factors in 18 U.S.C. § 3553(a). The court acknowledged Patterson's addiction to drugs and difficult childhood—his mother also was drug dependent and one brother was murdered— but explained that these did not excuse his "multiple contacts with the criminal justice system" or his decision to flee and remain a fugitive for months after he was indicted. The court emphasized the seriousness of his drug crime and the devastating effect of drugs on users, their families, and the community. Nevertheless, the court observed that incarceration is expensive and opined that too many persons are imprisoned for too long. The court concluded that, although 125 months is longer than any sentence Patterson had received previously, a term of that length was necessary to protect the people of Kenosha from drug trafficking. Accordingly, an appellate claim challenging the reasonableness of Patterson's prison sentence would be frivolous.

One final note: Counsel does not mention two standard conditions of supervised release that the district court imposed and that we have criticized as problematic. The condition prohibiting Patterson from leaving the judicial district without permission may improperly impose strict liability, see *United States v. Brown*, 823 F.3d 392, 395

(7th Cir. 2016), and the condition requiring him to follow his probation officer's instructions doesn't even hint at what those instructions might be and lacks a reasonableness qualification, *United States v. Hill*, 818 F.3d 342, 346 (7th Cir. 2016). But counsel implies that Patterson does not wish to challenge these conditions, and we have no reason to believe otherwise. If Patterson later perceives those conditions to be vague, confusing, or otherwise problematic, he may seek modification at that time. See *Brown*, 823 F.3d at 395; *United States v. Neal*, 810 F.3d 512, 518–20 (7th Cir. 2016).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.