NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021
Decided May 19, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-1890

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:17-10052-001 |
| KENNETH L. COOPER, JR., *Defendant-Appellant*. | James E. Shadid, *Judge*. |

**O R D E R**

A jury found Kenneth Cooper guilty of possession with intent to distribute crack cocaine and marijuana, 21 U.S.C. § 841(a)(1), and of using a firearm in furtherance of the drug trafficking offense. 18 U.S.C. § 924(c)(1)(A). He was sentenced to statutory-minimum sentences of concurrent 60-month terms for the drug counts and a consecutive 60-month sentence for the firearms offense, plus four years' supervised release (concurrent terms of four, two, and four years, respectively, for Counts I, II, and III). Cooper filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Cooper did not respond to counsel's motion. *See* CIR. R. 51(b). Because counsel's brief appears thorough—it explains the nature of the case and the issues an appeal of this kind might

be expected to involve—we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by considering potential challenges to Cooper's conviction, including whether Cooper could argue that there was insufficient evidence to support the verdict. Although Cooper's motions for a directed verdict preserved a challenge to the sufficiency of the evidence, he would be unable to meet the exacting appellate standard, under which we view the evidence in the light most favorable to the prosecution. *See United States v. Hopper*, 934 F.3d 740, 754 (7th Cir. 2019). We agree with counsel that the argument would be futile given the "enormous" weight of the physical, circumstantial, and eyewitness evidence against Cooper—including video evidence showing drugs, drug paraphernalia, and guns littered throughout his home; Cooper's admission to owning one of the guns; the sheer quantity of drugs (1.6 kilograms of marijuana and 37.5 grams of crack cocaine) in his possession; and testimony from police officers who watched him sell drugs to a confidential informant. Cooper's defense that the marijuana was for his personal consumption, and his disowning of the crack cocaine found in his possession, did not require the jurors to reject the ample evidence permitting them to find that Cooper intended to sell the marijuana and possessed the crack with the same intent. *See United States v. Bacon*, 991 F.3d 835, 842 (7th Cir. 2021).

Counsel also explores challenges to potential trial errors that could undermine the fairness of the proceedings and correctly concludes that he could not show any such error. Cooper did not move to suppress evidence from the search, file any motions in limine, challenge the admission of any evidence at trial, or object to the prosecution's opening or closing statements, so he would have to show plain error in any appellate challenge. *See United States v. Thomas*, 933 F.3d 685, 690 (7th Cir. 2019). Like counsel, we conclude that he would be unable to do so. We also agree with counsel that it would be frivolous to challenge the composition of the jury or the jury instructions. During jury selection, Cooper struck two prospective jurors, one of whom was a relative of an officer involved in the case. *United States v. Hill*, 552 F.3d 541, 548–49 (7th Cir. 2008) (no plain error in jury construction where plaintiff had opportunity to strike, and did strike, potential jurors). And the court instructed the jury before deliberations using pattern instructions to which Cooper affirmatively agreed, so any challenge to the instructions would be waived. *See United States v. Friedman*, 971 F.3d 700, 711 (7th Cir. 2020) (internal citation omitted).

Counsel also explains that Cooper could not call the verdict into question based on his retained defense attorney's conflict of interest. Although the attorney previously

represented a police officer who was a witness in Cooper's case, Cooper expressly waived any potential conflict after the judge questioned him on the record. Moreover, the representation was proper because Cooper consented to it, *see United States v. Turner*, 594 F.3d 946, 953 (7th Cir. 2010), and the attorney had no current conflict. Ill. R. Prof. Conduct 1.7(a)(1)-(2). We therefore agree with counsel that raising this issue on direct appeal would be pointless.

Counsel next turns to possible challenges to Cooper's sentence and rejects them all as frivolous. First, Cooper would be unable to argue that his sentence was unlawful. His 60-month sentence on the drug convictions is well within the statutory maximum of life imprisonment, 18 U.S.C. §§ 841(b)(1)(B)(iii), (viii), and his 60-month sentence for the firearms offense is at the statutory minimum under § 924(c)(1)(A). Cooper's four-year term of supervised release is also at the statutory minimum. *Id.* § 841(b)(1)(D). And, despite Cooper's request to make the sentence for the § 924(c) count concurrent, the court correctly determined that the statute requires that sentence to run consecutively. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The court also correctly declined to credit time spent on bond toward Cooper's sentence. *See* 18 U.S.C. § 3585(B); *Reno v. Koray*, 515 U.S. 50, 58 (1995) (limiting credit to time spent awaiting trial in a "penal or correctional facility"). We agree that it would be frivolous to challenge the lawfulness of the sentence.

Second, counsel concludes that Cooper could not demonstrate any procedural error at the sentencing hearing. He could not contest the calculation of the guidelines range for his offenses: With a criminal history category of I and a total offense level of 26, the Sentencing Guidelines advise 63 to 78 months' imprisonment for the drug convictions, a range the court adopted. *See* U.S.S.G. Ch. 5, pt. A (Sentencing Table). Cooper did not object to the range, which includes a two-level enhancement for maintaining a drug premises, U.S.S.G. § 2D1.1(b)(12), and considering the extensive evidence found at his home, Cooper would be unable to show that the enhancement was applied in error.

Counsel discerns no other procedural error such as a failure to consider the sentencing factors under 18 U.S.C. § 3553(a) or a substantial mitigating argument. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Though the court did not address the factors in "checklist fashion," it was not required to do so. *See United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). It acknowledged its discretion, then gave an "adequate statement" of the factors that weighed into its sentencing decision. *Id.* Specifically, the court acknowledged the strong showing of support Cooper's family and friends made by appearing in court, offering character testimony at sentencing, and submitting letters

on his behalf. The court explained, however, that it placed special weight on protecting the public from gun violence and deterring Cooper and others from drug crimes. Counsel is therefore correct that it would be frivolous to assert a procedural error.

Third, counsel rightly concludes that Cooper could not challenge the sentence as substantively unreasonable under 18 U.S.C. § 3553(a). The court imposed a within-guidelines sentence on the § 924(c) count and a below-guidelines, statutory-minimum sentence for the drug counts. The sentences are entitled to a presumption of reasonableness on appeal. *United States v. De La Torre*, 940 F.3d 938, 953 (7th Cir. 2019). In light of the court's explanation for the sentence, and the precept that "[i]t is not our job to reweigh the § 3553(a) factors," we agree that Cooper could not demonstrate an abuse of discretion with respect to the sentence. *See id.* at 954. The same is true of the concurrent terms of supervised release, which are also within the guidelines ranges and therefore presumptively reasonable. *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). In any event, by saying he had no objections to either the duration or the conditions of supervised release, Cooper waived any appellate challenges. *See United States v. Flores*, 929 F.3d 443, 449–50 (7th Cir. 2014).

We GRANT the motion to withdraw, and DISMISS the appeal.