FILED
United States Court of Appeals
Tenth Circuit

October 17, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JACINTO HERNANDEZ-NORIEGA,
a.k.a. Jose Casada-Morales, a.k.a.
Fernando Colin-Orozco, a.k.a.
Fernando Colin,

Defendant-Appellant.

No. 07-1393

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 07-cr-00210-LTB)

---

Submitted on the briefs:

Raymond P. Moore, Federal Public Defender, and Vicki Mandell-King, Assistant
Federal Public Defender, for Defendant–Appellant.

Troy Eid, United States Attorney, and Roxane J. Perruso and John M. Hutchins,
Assistant United States Attorneys, for Plaintiff–Appellee.

---

Before **GORSUCH, McKAY**, and **BALDOCK**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Defendant pled guilty to being a previously deported alien found within the

United States in violation of 8 U.S.C. § 1326. At the time he was found in the United States, he was serving a state term of imprisonment in Colorado. Based on this fact, the district court added two points to Defendant's criminal history score pursuant to USSG § 4A1.1(d), which applies when "the defendant committed the instant offense while under any criminal justice sentence." The court also added a third criminal history point pursuant to USSG § 4A1.1(e), which applies when, inter alia, the defendant committed the instant offense while in imprisonment on a sentence of at least sixty days. The court then sentenced Defendant at the bottom of the calculated Guidelines range. On appeal, Defendant argues that the court should not have added these criminal history points because USSG § 4A1.1(d) and (e) should not apply when an alien is involuntarily incarcerated at the time he is found in the United States. We review this challenge to the district court's legal interpretation of the Guidelines de novo. *See United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008).

Section 1326(a) provides that a previously deported alien who illegally reenters the country violates the statute when, inter alia, he "is at any time found in[] the United States." "In the case of a surreptitious reentry like Defendant's, the 'found in' offense is first committed at the time of reentry and continues to the time when the defendant is arrested for the offense." *United States v. Ruiz-Gea*, 340 F.3d 1181, 1189 (10th Cir. 2003) (internal quotation marks omitted). The defendant in *United States v. Rosales-Garay*, 283 F.3d 1200, 1201 (10th Cir.

2002), was serving a criminal probation sentence at the time he was found in the United States. He contended that the district court erred in adding two criminal history points pursuant to USSG § 4A1.1(d) because he had reentered the United States prior to being convicted and sentenced by the state court. He argued that it would be unfair for the application of this provision to depend "upon the fortuitous timing of when immigration officials 'find' [a] defendant." *Id.* at 1202. We rejected this argument, noting that three of our sister circuits had done the same, and held that because the defendant committed the offense of being found in the United States while he was serving a state probation sentence, the district court did not err in adding these two criminal history points.

In the instant appeal, Defendant similarly argues that it would be unreasonable and unjust to apply USSG § 4A1.1(d) and (e) to a defendant who is in state custody and has no control over when immigration officials will find him in the United States. He contends that we should not treat reentry as a continuing offense for sentencing purposes, and he argues that *Rosales-Garay* is distinguishable because the defendant in that case was not physically restrained by the terms of his state sentence of probation and could have left the country to avoid being found in the United States, whereas Defendant was physically restrained by his sentence of imprisonment.

We find Defendant's arguments unpersuasive. We note that we have treated the violation of § 1326(a) as a continuing offense for sentencing purposes

in the past. *See Ruiz-Gea*, 340 F.3d at 1189. As for Defendant's attempt to distinguish *Rosales-Garay*, we agree with the Third Circuit that, "[a]lthough the act of returning to the United States must be voluntary, it is not relevant whether an alien's continued presence in the United States was voluntary at the moment of discovery." *United States v. Dixon*, 327 F.3d 257, 259 (3d Cir. 2003); *see also United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437 n.2 (9th Cir. 1995) (noting that the defendant "was voluntarily in this country at the time that he was apprehended and convicted of a crime" and that "[h]is inability to depart this country was of his own making"). We note that two of the three cases relied on in *Rosales-Garay* involved a defendant who was serving a sentence of imprisonment, *see United States v. Coeur*, 196 F.3d 1344 (11th Cir. 1999); *United States v. Santana-Castellano*, 74 F.3d 593 (5th Cir. 1996), and we see no cause to distinguish *Rosales-Garay*'s rationale and holding based on the terms of Defendant's state sentence. Thus, as in *Rosales-Garay*, we conclude the district court did not err in adding points to Defendant's criminal history score pursuant to USSG § 4A1.1 where Defendant was serving a state sentence at the time he was found in the United States. We accordingly **AFFIRM** Defendant's conviction and sentence.