In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3721

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CLEMENTE CANO-RODRIGUEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07-CR-102-1—**John W. Darrah**, *Judge*.

SUBMITTED DECEMBER 22, 2008—DECIDED JANUARY 14, 2009

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges*.

PER CURIAM. Immigration officials caught up with Clemente Cano-Rodriguez, a Mexican citizen, while he was serving time for a drug conviction in an Illinois state prison. Unfortunately for Cano-Rodriguez, he had been deported once before, and so upon his release from state prison he was charged in federal court and pleaded guilty to being in the United States without permission. *See* 8 U.S.C. § 1326(a). Cano-Rodriguez

appeals, but his appointed lawyer has moved to with-
draw because he cannot discern any nonfrivolous argu-
ment to pursue. *See Anders v. California*, 386 U.S. 738 (1967).
Cano-Rodriguez was notified about counsel's motion,
*see* Cir. R. 51(b), and he responded by requesting the
appointment of new counsel. Counsel's supporting brief
is facially adequate, so we limit our review to the
potential issues he identifies. *See United States v. Schuh*,
289 F.3d 968, 973-74 (7th Cir. 2002).

At sentencing, Cano-Rodriguez argued that the district
court should decline to assess him an additional two
criminal history points for committing his immigration
crime while in prison. *See* U.S.S.G. § 4A1.1(d). Cano-
Rodriguez asserted that DEA agents participated in the
investigation that led to his state drug conviction, and so
federal authorities should have immediately charged
him with violating § 1326(a) instead of waiting for his
state sentence to expire. The court rejected this argu-
ment, observing that Cano-Rodriguez had provided no
evidence whatsoever that the federal government knew
from the moment of his arrest that he was in the country
illegally. The court therefore began with a base offense
level of 8, *see* U.S.S.G. § 2L1.2, and added 16 levels
because Cano-Rodriguez had been deported after com-
mitting a drug trafficking offense for which he received a
six-year sentence, *see id.* § 2L1.2(b)(1)(A). The court then
subtracted three levels for acceptance of responsibility,
resulting in a total offense level of 21. *See id.* § 3E1.1.
Finally, the court added the two extra criminal history
points, yielding a criminal history category of IV and an
imprisonment range of 57 to 71 months. After considering

the sentencing factors set forth in 18 U.S.C. § 3553(a), the court sentenced Cano-Rodriguez to a prison term of 57 months, followed by 3 years' supervised release.

Counsel initially informs us that Cano-Rodriguez does not wish to challenge his guilty plea, and so he properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next turns to potential sentencing arguments and considers whether Cano-Rodriguez could contend that the district court erred in assessing the two criminal history points under § 4A1.1(d) on the theory that Cano-Rodriguez "committed the instant offense while under any criminal justice . . . sentence." Cano-Rodriguez might argue, counsel suggests, that adding on these points, even if literally required by the guideline, is unseemly in this context because it was not his choice to remain in the United States unlawfully after the state sent him to prison. At sentencing, however, Cano-Rodriguez's lawyer seemed to have been aware of this very argument, but he passed it over in favor of another basis for contesting the two extra points and so the issue has probably been waived. *See United States v. Spells*, 537 F.3d 743, 747-48 (7th Cir. 2008). Even if it was only forfeited, though, we would review the district court's decision to impose the two points for plain error. *See United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008).

The court concluded, and counsel agrees, that Cano-Rodriguez was in the United States unlawfully while he

sat in prison and, the reasoning goes, necessarily committed the § 1326(a) offense "while under a sentence of imprisonment." *See* U.S.S.G. § 4A1.1(d). Section 1326(a) punishes any returning alien who "enters, attempts to enter, or is at any time found in, the United States" without permission. We have rejected the idea that a violation of § 1326(a) "occurs only at the instant of its detection, so that 'being found' is equivalent to 'being arrested.'" *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 460 (7th Cir. 2006). Instead, the offense is a continuing one that tracks the alien "wherever he goes." *Id.*; *see also United States v. Gordon*, 513 F.3d 659, 664-65 (7th Cir. 2008); *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001).

We have not addressed the precise issue of whether § 4A1.1(d) applies to aliens found in the country illegally while in prison. But every other circuit to address the issue has concluded that § 4A1.1(d) does mandate that two points be added to the criminal history scores of aliens found illegally in the country while in prison. *See United States v. Hernandez-Noriega*, 544 F.3d 1141, 1142-43 (10th Cir. 2008); *United States v. Dixon*, 327 F.3d 257, 259 (3d Cir. 2003); *United States v. Coeur,* 196 F.3d 1344, 1346 (11th Cir. 1999); *United States v. Santana-Castellano,* 74 F.3d 593, 598 (5th Cir. 1996); *see also United States v. Ortiz-Villegas,* 49 F.3d 1435, 1437-38 (9th Cir. 1995). On this record it would be frivolous for Cano-Rodriguez to claim that the district court committed plain error by imposing the points, especially since there is no evidence that federal authorities learned about his immigration status before his state imprisonment began.

Finally, counsel asks whether Cano-Rodriguez could argue that he received an unreasonable prison sentence. But as counsel correctly points out, a sentence within a properly calculated guidelines range is presumptively reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). And here the district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), including Cano-Rodriguez's history of selling drugs and the fact that he reentered the United States so he could be reunited with his wife and children. Counsel has been unable to articulate any reason why this case might be the exception to the reasonableness presumption, and so any argument to that effect would be frivolous.

Turning to Cano-Rodriguez's motion, our conclusion that he lacks a nonfrivolous argument to raise on appeal renders moot his request for new counsel. Accordingly, counsel's motion to withdraw is GRANTED. Cano-Rodriguez's motion is DENIED, and the appeal is DISMISSED.