NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009
Decided March 26, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3372

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-64-C-01 |
| LYLE I. DANK, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Lyle Dank pleaded guilty to conspiracy to possess and distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 151 months' imprisonment. Dank filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Dank to respond to counsel's submission, *see* CIR. R. 51(b), but he has not. We limit our review to the single issue considered in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel represents that Dank does not want his guilty plea vacated, and so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel has identified just one potential argument: whether Dank might challenge the reasonableness of his prison sentence. Based on two prior felony convictions, one for sexual assault and the second for possession with intent to deliver marijuana, Dank was sentenced as a career offender. *See* U.S.S.G. § 4B1.1(a). The district court set a base offense level of 32, *see id.*, and subtracted three levels for acceptance of responsibility, *id.* § 3E1.1(a), which, combined with a criminal history category of VI, yielded a guidelines imprisonment range of 151 to 188 months. The court sentenced him to the low end of the suggested range. A sentence within a properly calculated guidelines range is presumed reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009). At sentencing, the judge considered the appropriate factors under 18 U.S.C. § 3553(a), including Dank's contention that he should be sentenced below the guidelines range because one of the convictions underlying his career-offender status was 20 years old. The judge noted, though, that Dank had a history of increasingly serious criminal offenses, and an apparent inability to refrain from resorting to criminality to resolve challenges in his life. Because the court gave meaningful consideration to the § 3553(a) factors, any argument challenging Dank's sentence would be frivolous. *See, e.g., United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.