NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2009
Decided April 30, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2860

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

MICHELLE MAYS,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Eastern District of
Wisconsin.

No. 06-CR-207

Rudolph T. Randa,
*Chief Judge.*

---

    Michelle Mays was part of a ring that beginning in the mid-1990s sold millions of dollars worth of cocaine in Milwaukee. Mays pleaded guilty to conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 150 months' imprisonment. Mays's appointed counsel seeks to withdraw under *Anders v. California*, 366 U.S. 738 (1967). We invited Mays to respond to counsel's submission, *see* CIR. R. 51(b), but she has not. We limit our review to the one potential issue considered in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

    Counsel questions whether Mays could argue that her prison sentence is unreasonable. Mays was classified as a career offender based on felony convictions for aggravated battery and possession of cocaine with intent to distribute. The district court

therefore applied a criminal history category of VI, *see* U.S.S.G. § 4B1.1, and calculated an advisory imprisonment range of 262 to 367 months. At sentencing Mays did not contest her status as a career offender. Instead, she argued that the guidelines overstate the seriousness of her criminal history because both of her predicate felonies are more than fifteen years old and she had not been convicted of any other serious crime since. Mays further argued that her significant assistance to the government, her age, and her serious medical issues warranted a sentence below the guidelines range. The district judge disagreed that her criminal history was overstated but did grant the government's motion for a below-range sentence based on Mays's substantial assistance, *see* U.S.S.G. § 5K1.1. After also addressing the factors listed in 18 U.S.C. § 3553(a), the court settled upon 150 months.

A sentence within a properly calculated guidelines range is presumed reasonable, *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), and therefore a below-guidelines sentence is also presumed reasonable, *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Here, the guidelines range was correctly calculated. The district court also considered the statutory factors and sentenced Mays far below the guidelines range, and so any argument that her sentence is unreasonable would be frivolous. *See, e.g., United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.