NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2009
Decided June 25, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3663

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, |
| *Plaintiff-Appellee,* | Eastern Division. |
| *v.* | No. 1:06-cr-00448-1 |
| ENOCH LACEY, also known as BLACK, | Virginia M. Kendall, *Judge.* |
| *Defendant-Appellant.* | |

**O R D E R**

Enoch Lacey pleaded guilty to possession with intent to deliver heroin, 18 U.S.C. § 841(a)(1), and possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced Lacey to 166 months' imprisonment. He appeals only his sentence, claiming that the district court failed to adequately weigh an argument that he raised in mitigation of the sentence. Because the court did consider the argument, we affirm.

Lacey was caught in drugs-for-arms sale. In June 2006, after previously selling heroin laced with fentanyl[1] to an undercover Chicago police officer, Enoch Lacey met again with the officer to exchange heroin for assault weapons. They agreed to meet at the Home Depot parking lot where the earlier transaction had taken place. The two met, and Lacey got into the officer's car. Lacey gave the drugs to the officer, and the officer showed Lacey a green bag containing two semiautomatic weapons. During the transaction, the undercover officer said, "now you give me seven carburetors [meaning heroin] I give you two hammers [meaning firearms], that's a fair price, right?" and Lacey replied, "Yep." Lacey then returned to his own car, and the officer put the bag with the guns into the back of Lacey's car. Lacey drove about fifty feet and was promptly arrested.

At sentencing, the district court determined that Lacey, at 28 years old, had a criminal history category of VI based on prior convictions for delivery of a controlled substance, possession of a controlled substance with intent to deliver, unlawful use of a firearm by a felon, and unlawful possession of a controlled substance. With an adjusted offense level of 29, the court arrived at a guideline range of 151 to 188 months.

Lacey argued that the district court should sentence him below that guidelines imprisonment range. He contended that a below-guidelines sentence was appropriate because he was nearly coerced into participating in the drugs-for-guns swap and because, under 18 U.S.C. § 3553(a), a 151-month sentence was not necessary to meet the statutory purposes of sentencing. Counsel pointed to excerpts of the transcribed conversations and recorded phone calls between the undercover officer and Lacey and argued that, although the coercion did not rise to the level of a defense to the underlying charges, Lacey was nevertheless pressured to consummate the sale. Counsel, for example, relied on exchanges like these:

[The officer:] You'll be impressed. You'll enjoy these. You'll like these. This is what my people—we go to war with these . . . . You come look at these weapons. You'll be impressed.
. . .

---

[1] In 2005 and 2006, Chicago and other cities dealt with a surge in deaths from fentanyl-laced heroin. Fentanyl is an opioid 80 to 100 times more potent than morphine. *See* David Heinzmann, Carlos Sadovi & Tonya Maxwell, *Deadly Heroin Mix Tightens Grip on City*, CHI. TRIB., June 8, 2006, § 1, at 1; Judith Graham, *Palliative Easily a Killer*, CHI. TRIB., June 6, 2006, § 1, at 12.

[Lacey:]  I don't want to come by you.  Don't want to come out there.  You'll have to bring them to me.

. . .

[The officer:]  I have hammers, like we talk in hotel.  You pick one out, two.  You pick out what you want from what I have.

. . .

[The officer:] Why not come out to the motel, [Lacey]?

[Lacey]: Because I don't drive out there.  No license.

The district court considered the coercion argument, but rejected it.  The court explained that the argument might have been more persuasive if this had been the first or only transaction between the officer and Lacey.  But it was not.  The court also highlighted Lacey's extensive criminal experience:

> Mr. Lacey's criminal history is that he's been doing these hand-to-hand transactions for most of his adult life, starting with he conviction back when he was 19 years old in Cook County for selling crack, and then the hand-to-hand transaction that he engaged in when he was 22 years old and pled guilty to, and then the shooting where he was identified as the individual who shot someone in the foot and leg, and then again another hand-to-hand transaction, guilty plea back when he's 25 years old.

> What it shows me is someone who is more of a player, someone who is really understanding the scene, and much less likely to be coerced or pushed around on the street. And, therefore, I am going to deny any departure based upon coercive behavior or this mitigation circumstance.

After considering the applicable § 3553(a) factors, the court imposed the mid-guideline range sentence of 166 months.

Lacey's sole argument on appeal is procedural.  He contends that the court did not adequately consider his coercion argument, and therefore the sentence was unreasonable. The government counters that the court made a sufficient, on-the-record resolution of Lacey's argument and applied the relevant § 3553(a) factors to support the within-guidelines sentence.

Although a reviewing court is entitled to presume that a within-guidelines sentence is reasonable, *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Cano-Rodriguez*, 552

F.3d 637, 639 (7th Cir. 2009), the sentencing court may not pass over in silence a nonfrivolous argument for a shorter sentence. *United States v. Miranda*, 505 F.3d 785, 796 (7th Cir. 2007); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Lacey admits that the district court acknowledged the argument, but contends that the court never addressed its substance. Lacey argues that the sentencing court must not only mention the argument, but must also explain *how* the court considered it, instead of just citing Lacey's criminal past. But here the court did more than simply acknowledge the argument or mention his convictions: it specifically explained how Lacey's repeated experience with freely participating in hand-to-hand drug transactions multiple times as a young adult meant that it was not likely that he had been pushed around by the undercover officer in this transaction. Rather, as the district court said, his individual background and history, including an earlier voluntary transaction with this same officer, showed that he was entering into the sale willingly.

Similarly, Lacey contends that the court procedurally erred by merely mentioning that it had considered the § 3553(a) factors, without explaining those factors or how they apply to Lacey and this case. But contrary to Lacey's assertion, the court made an extensive examination of the seriousness of his particular crimes (referring to the lethality of heroin laced with fentanyl and the arms as "weapons for warfare"), Lacey's criminal history with drugs and weapons, the need for deterrence and protecting the public from crimes like Lacey's, and how these facts drove the court's sentencing decision. *See United States v. Castaldi*, 547 F.3d 699, 706 (7th Cir. 2008) (holding that court need not recite statutory factors as checklist); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (same). Because the district court was thorough in rejecting Lacey's argument for a below-guidelines sentence, we are satisfied that the sentencing judge meaningfully considered the factors and committed no procedural error. *See Rita*, 127 S. Ct. at 2468; *United States v. Omole*, 523 F.3d 691, 697 (7th Cir. 2008).

AFFIRMED.