NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4066

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-102 |
| ODELL DOBBS, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Odell Dobbs pleaded guilty to distribution of crack, 21 U.S.C. § 841(a)(1), and was sentenced to 262 months' imprisonment. Dobbs filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Dobbs to respond to counsel's submission, *see* CIR. R. 51(b), but he did not. We limit our review to the issues considered in counsel's facially sufficient supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel tells us that Dobbs does not want his guilty plea vacated, and so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel has identified just one potential argument: whether Dobbs might challenge the reasonableness of his prison sentence. Based on two prior felony convictions, one for delivery of cocaine and the second for aggravated battery to a police officer, Dobbs was sentenced as a career offender. *See* U.S.S.G. § 4B1.1(a). The district court set a base offense level of 37, *see id.*, and subtracted three levels for acceptance of responsibility, *id.* § 3E1.1, which, combined with a criminal history category of VI, yielded a guidelines imprisonment range of 262 to 327 months. The court sentenced him to the low end of the suggested range. A sentence within a properly calculated guidelines range is presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009). At sentencing the court weighed the appropriate factors under 18 U.S.C. § 3553(a), and also considered Dobbs's argument that he should be sentenced to the statutory minimum of 240 months' imprisonment because of his cooperation (an argument the court dismissed as "almost ludicrous" because he admittedly lied to police about all of his drug sources). The court also noted that Dobbs was a 32-year-old with a criminal history that demonstrates that he had been on a self-destructive path for a long time. Because the court meaningfully considered the § 3553(a) factors, any argument challenging Dobbs's sentence would be frivolous. *See, e.g., United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.