NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2009
Decided October 21, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 09-2094

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-145-C-01 |
| JOHN KOWAL, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

John Kowal committed six bank robberies in the Madison, Wisconsin, area between March and September 2008. He pleaded guilty to one count of bank robbery, *see* 18 U.S.C. § 2113(a), and admitted his involvement in the other five. The district court considered all six robberies when calculating Kowal's sentencing range, *see* U.S.S.G. § 1B1.2(c), and sentenced him to 78 months' imprisonment.

Kowal filed a notice of appeal, but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot identify any nonfrivolous

ground for appeal.  Kowal did not respond to counsel's submission.  *See* CIR. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief. *United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We grant counsel's motion and dismiss the appeal.

In her *Anders* submission counsel tells us that Kowal does not want his guilty plea set aside, and thus counsel properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea.  *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).  Additionally, at sentencing Kowal did not object to the district court's application of the sentencing guidelines, and counsel has not suggested any possible basis for disagreeing with the court's calculations.  Instead, the only potential issue identified by counsel is whether Kowal could challenge the reasonableness of his prison sentence.

Kowal had argued for a term below the guidelines range because he is a first-time offender with strong family support and, by his account, no substance-abuse problem.  The district court considered these factors but concluded that a sentence at the high end of the imprisonment range would be appropriate for two principal reasons.  First, the court concluded that Kowal represents a significant danger to the community given the number of robberies, and since the guidelines permitted the allocation of just five additional offense levels to account for the entire course of conduct, *see* U.S.S.G. § 3D1.4; *United States v. Maro*, 272 F.3d 817, 824 (7th Cir. 2001), a term at the high end of the range was warranted.  Second, the court found Kowal's contention that he had no drug or alcohol problem not credible in light of unchallenged, contrary information in the presentence report.

We afford sentences within the guidelines range a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Sawyer*, 558 F.3d 705, 714-15 (7th Cir. 2009).  In this case, the district court gave meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a) and concluded that a sentence at the high end of the range was appropriate.  Thus, counsel correctly concludes that any argument challenging the reasonableness of Kowal's prison sentence would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.