**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 24, 2010
Decided March 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3724

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-CR-66-C-01 |
| | |
| REGINALD J. BALLARD, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Reginald J. Ballard pleaded guilty to a two-count indictment for bank robbery
("Count I"), 18 U.S.C. § 2113(a), (d), and knowing and intentional brandishment of a firearm
during a crime of violence ("Count II"), 18 U.S.C. § 924(c), and the district court sentenced
him to 130 months' imprisonment. Ballard appeals, but his appointed lawyer moves to
withdraw because she believes that his appeal is frivolous. *See Anders v. California*, 386 U.S.
738 (1967). Ballard has not responded to counsel's motion, *see* CIR. R. 51(b), and so we limit

our review to the potential arguments identified in counsel's facially adequate brief, *see United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009).

Ballard has not indicated that he wishes to challenge his plea, and so counsel properly refrains from considering the adequacy of Ballard's plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers only one potential argument—whether Ballard could challenge his sentence. We agree with counsel that any such challenge would be frivolous. At sentencing, the district court properly calculated the advisory guidelines range of 57 to 71 months for Count I (based on a total offense level of 19 and a criminal history category of V) and a seven-year mandatory minimum for Count II. Based on the government's request for a sentence reduction for Ballard's substantial assistance, *see* 18 U.S.C. § 3553(e), the district court imposed a below-guidelines sentence of 46 months for Count I and a consecutive seven-year sentence for Count II. The below-guidelines sentence the court chose is presumptively reasonable, *see United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and counsel suggests nothing to rebut that presumption. Moreover, the district court adequately examined the factors under 18 U.S.C. § 3553(a), considering, among other things, Ballard's struggles with heroin addiction, his history of petty crimes, the seriousness of his crime that put "many, many people in distress," and the need to protect the community from further crimes by Ballard.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.