ORDER
Reginald J. Ballard pleaded guilty to a two-count indictment for bank robbery (“Count I”), 18 U.S.C. § 2113(a), (d), and knowing and intentional brandishment of a firearm during a crime of violence (“Count II”), 18 U.S.C. § 924(c), and the district court sentenced him to 130 months’ imprisonment. Ballard appeals, but his appointed lawyer moves to withdraw because she believes that his appeal is frivolous. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ballard has not responded to counsel’s motion, see CIR. R. 51(b), and so we limit our review to the potential arguments identified in counsel’s facially adequate brief, see United States v. Cano-Rodriguez, 552 F.3d 637, 638 (7th Cir.2009).
Ballard has not indicated that he "wishes to challenge his plea, and so counsel properly refrains from considering the adequacy of Ballard’s plea colloquy or the volun-tariness of his plea. See United States v. Knox, 287 F.3d 667, 670-72 (7th Cir.2002).
Counsel considers only one potential argument — whether Ballard could challenge his sentence. We agree with counsel that any such challenge would be frivolous. At sentencing, the district court properly calculated the advisory guidelines range of 57 to 71 months for Count I (based on a total offense level of 19 and a criminal history category of A0 and a seven-year mandatory minimum for Count II. Based on the gov *732 ernment’s request for a sentence reduction for Ballard’s substantial assistance, see 18 U.S.C. § 8553(e), the district court imposed a below-guidelines sentence of 46 months for Count I and a consecutive seven-year sentence for Count II. The below-guidelines sentence the court chose is presumptively reasonable, see United States v. Liddell, 543 F.3d 877, 885 (7th Cir.2008), and counsel suggests nothing to rebut that presumption. Moreover, the district court adequately examined the factors under 18 U.S.C. § 3553(a), considering, among other things, Ballard’s struggles with heroin addiction, his history of petty crimes, the seriousness of his crime that put “many, many people in distress,” and the need to protect the community from further crimes by Ballard.
Accordingly, we GRANT counsel’s motion to withdraw and DISMISS the appeal.