**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010
Decided April 15, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-2206

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 08-CR-112-C-01 |
| | |
| LEROY A. SHARP, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Leroy Sharp pleaded guilty to distributing between 5 and 20 grams of crack cocaine. *See* 21 U.S.C. § 841(a)(1). Sharp conceded at sentencing that he qualified as a career offender based on his three prior convictions for drug offenses and a crime of violence, *see* U.S.S.G. § 4B1.1, and he was sentenced below the applicable guidelines range to 240 months' imprisonment. Sharp filed a timely appeal, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Sharp to respond to counsel's motion, but he declined to do so. *See* CIR. R. 51(b). Because counsel's brief is facially adequate, we limit our review to the potential issues he has identified. *United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by telling us that Sharp does not wish to withdraw his plea, and thus he properly refrains from discussing possible challenges to the voluntary nature of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

The only other argument counsel considers is whether Sharp could challenge the reasonableness of his below-guidelines sentence. The district court correctly calculated Sharp's guidelines range as 262 to 327 months (assigning a base offense level of 37, a three-level reduction for acceptance of responsibility, and a criminal history category of VI) and sentenced him to 240 months. We would presume that a sentence falling within the properly calculated guidelines range is reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008), and we have never declared a below-range sentence to be unreasonable, *see United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). The district court also properly considered the sentencing factors in 18 U.S.C. § 3553(a), focusing on Sharp's extensive criminal history, the danger he posed to the community, his propensity for violence and dishonesty, his lack of respect for the law, and his consistent efforts to avoid responsibility for his actions. The court acknowledged that Sharp's most recent offense involved only a small amount of drugs, but determined that a sentence of 20 years was necessary to protect the public and serve as a sufficient deterrent. Accordingly, we agree with counsel that it would be frivolous to argue that Sharp's sentence was unreasonable.

We therefore GRANT the motion to withdraw and DISMISS Sharp's appeal.