NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010
Decided June 24, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-3248

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-Cr-53 |
| CALVIN L. NASH, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Calvin Nash was one of 30 defendants charged by indictment with conspiracy to distribute cocaine and marijuana. *See* 21 U.S.C. §§ 846, 841(a). As part of a plea agreement, Nash pleaded guilty to a superceding information charging him with using his phone to facilitate the commission of a drug crime. *See id.* § 843(b). He was sentenced to a below-guidelines term of 30 months' imprisonment. Nash filed a timely notice of appeal, but his appointed lawyer represents that Nash no longer wishes to pursue the appeal yet refuses to consent to a voluntary dismissal. Counsel therefore has filed a motion under *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal is frivolous and seeking permission to withdraw. Nash has not responded to counsel's motion. *See* CIR. R. 51(b). Because Nash does not want his guilty plea set aside, counsel correctly forgoes discussion of possible challenges to the voluntariness of the plea or the adequacy of the plea colloquy. *See United*

*States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). But counsel does address whether Nash could still challenge his sentence, and we limit our review to this question because we find counsel's brief to be facially adequate. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Nash could argue that his below-guidelines prison sentence is unreasonable. But we have never declared a below-range sentence to be unreasonably high, *see United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and we agree with counsel that nothing in this case would persuade us that Nash's sentence warrants an exception. The district court correctly calculated Nash's guidelines range as 33 to 41 months, based on a total offense level of 13 and a criminal history category of VI. The court then considered Nash's arguments for a reduced sentence, including the fact that Nash suffered from serious gun-shot injuries requiring ongoing medical treatment, that his father had passed away while he was in prison, and that Nash was involved only during the last two months of a much longer drug conspiracy and was responsible for a much smaller amount of drugs. While the district court agreed that Nash's exceptional medical needs warranted a slightly discounted sentence, the court refused to go along with Nash's request to impose a 10-month sentence to run concurrently to his state revocation sentence because other sentencing factors in 18 U.S.C. § 3553(a) weighed against such a significant reduction. The court noted, for example, that Nash has had almost constant contact with the justice system since he was a minor, that his previous prison sentences had not successfully deterred his continued criminal conduct, and that he committed this recent offense while still on probation from his last felony drug conviction. Based on these § 3553(a) factors and the need to protect the public, the court determined that 30 months' imprisonment was an appropriate sentence, and any challenge to the reasonableness of this sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.