NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3566

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> v. <br><br> DARRELL W. WELLMAN, JR., *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 09 CR 182-1 <br><br> William J. Hibbler, *Judge.* |

**O R D E R**

Darrell Wellman, Jr., pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 60 months' imprisonment. Wellman filed a timely appeal, but his appointed counsel cannot find any nonfrivolous issue to raise on appeal and therefore moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Wellman did not accept our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Our review is limited to the issues that counsel has outlined in his brief. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Although counsel notes that the district court failed to inform Wellman during his plea colloquy of its obligation to impose a special assessment of $100, *see* FED. R. CRIM. P. 11(b)(1)(L), counsel also points out that Wellman does not wish to withdraw his plea. Counsel, therefore, correctly bypasses discussing whether this omission (or any other errors) affected the adequacy of Wellman's plea colloquy or the voluntariness of his plea. *See United States v. Knox*,  287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel finds no possible error in the guidelines calculation, and so considers only whether Wellman could contest the reasonableness of his sentence.  But he uncovers no possible challenge that would disturb the presumption of reasonableness that would attach to Wellman's within-guidelines sentence.  *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010).  Our review confirms that the district court properly calculated a guidelines imprisonment range of 57 to 71 months, based on an offense level of 19 and a criminal history category of V.  And we agree that the district court adequately explained Wellman's sentence in relation to the sentencing factors listed in 18 U.S.C. § 3553(a), focusing on Wellman's disregard for his family's and the community's safety, his extensive criminal history beginning at age 14, his multiple convictions for gun crimes, and his pattern of ignoring court orders.  Although the court acknowledged Wellman's purported desire to change his ways and become a responsible father for his child, it determined that Wellman apparently had not learned from his previous shorter terms of incarceration and needed a 60-month sentence to deter future criminal conduct—an entirely reasonable conclusion.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.