**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2011
Decided June 29, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3641

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 06 CR 624-1 |
| JAMES L. PATTERSON *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

James Patterson pleaded guilty to knowingly transporting a minor in interstate commerce with the intent that the minor engage in prostitution, 18 U.S.C. § 2423(a), and the district court sentenced him to 262 months' imprisonment. After we remanded the case for further proceedings regarding the application of a particular sentencing adjustment, the district court imposed the same sentence. Patterson again appeals. His appointed counsel, however, has determined that there are no nonfrivolous issues that Patterson can pursue on appeal and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Patterson has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b).

We confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009).

At Patterson's first sentencing, the district court calculated two versions of his guidelines range. Under the first version the court applied the guidelines provision for Patterson's violation of § 2423(a), setting his base-offense level at 28, U.S.S.G. § 2G1.3(a)(3), and imposing three 2-level increases, respectively, for undue influence of a minor, § 2G1.3(b)(2)(B), using a computer to commit the offense, § 2G1.3(b)(3)(B), and involving the minor in a commercial sex act, § 2G1.3(b)(4)(B). Patterson also received a 2-level decrease for acceptance of responsibility, § 3E1.1(a), resulting in a total offense level of 32, which, when combined with a criminal history category of IV, yielded a guidelines range of 168 to 210 months. Based on the discovery that Patterson's 1983 conviction for robbery with a deadly weapon qualified him as a career offender, the court then recalculated his guidelines range under § 4B1.1; as such his base-offense level rose to 34 (supplanting the lower base-offense level initially assessed under § 2G1.3), which the court again discounted by 2 levels for acceptance of responsibility. His criminal-history category was also reassessed at VI, yielding a guidelines range of 210 to 262 months. The court sentenced Patterson to the top of that range, emphasizing his long criminal history, the particularly reprehensible nature of his conduct, the need to protect the public, and the unlikelihood of rehabilitation. We affirmed the court's judgment in all respects except one: we reversed the application of the increase under § 2G1.3(b)(3) for Patterson's use of a computer to facilitate the minor's online prostitution and remanded the case "to ensure that [the increase] played no part in Patterson's sentence." *See United States v. Patterson*, 576 F.3d 431, 443 (7th Cir. 2009).

On remand the district court again sentenced Patterson to 262 months. "[T]he reasons for that sentence," the court stated, "are expressed in the [first] judgment that I entered. And I don't see any change in that." The court emphasized the same sentencing factors under 28 U.S.C. § 3553(a) that it discussed at the first sentencing hearing: Patterson's crime was "particularly callous and cruel" because he had "abused terribly a young and innocent person that was essentially defenseless"; Patterson committed the offense just weeks after having been released from prison for his last crime; Patterson had "no respect for his fellow human beings"; and "the necessity to protect the public is paramount." The court said nothing about Patterson's use of a computer as a factor influencing his sentence.

Counsel considers whether Patterson could challenge the reimposition of his 262-month sentence. Because this is Patterson's second appeal, however, he correctly notes that any arguments he could raise are limited by the scope of our remand. *United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 251 (7th

Cir. 2002); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). Here the remand was limited to ensuring that the § 2G1.3(b)(3) adjustment did not affect Patterson's sentence. *Patterson*, 576 F.3d at 443. To this end counsel correctly notes that the career-offender provision dictated Patterson's guidelines range and that the § 2G1.3(b)(3) adjustment was not factored into the sentence. Moreover, the court's rationale for imposing a 262-month sentence made no reference to any computer use. In fact, the court clarified that it based Patterson's high-end sentence on the § 3553(a) factors, in particular his extensive criminal history and the need to protect the public. Although the court might have been more explicit in stating that computer use did not affect sentencing, we agree with counsel that raising this issue on appeal would be frivolous.

We therefore **GRANT** the motion to withdraw and **DISMISS** Patterson's appeal.