**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 20, 2017
Decided September 21, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3063

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 217-3 |
| DANIEL VOICAN, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Daniel Voican pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and was sentenced to 42 months' imprisonment and one year of supervised release. His written plea agreement included express waivers of his rights to appeal his conviction and sentence. He nonetheless filed a notice of appeal. His appellate counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she believes that any appeal would be frivolous. We gave Voican an opportunity to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so. Counsel's *Anders* brief is facially

adequate, so we limit our review of the record to the potential issues that counsel discusses. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009).

Counsel first considers whether Voican could argue that his guilty plea was not knowing and voluntary. Counsel informs us, however, that Voican did not move to withdraw his guilty plea in the district court and does not wish to do so on appeal. A challenge to the plea therefore should neither be raised on appeal nor explored in an *Anders* submission. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next evaluates whether a challenge to the sentence would provide a basis for appeal. Counsel notes that Voican explicitly waived his right to appeal his sentence, but potentially could argue that (1) the court relied on an impermissible factor such as race when sentencing him; (2) his sentence exceeds the statutory maximum; or (3) his waiver was involuntary. *See Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999). But counsel correctly concludes that there is no evidence in the record that the court relied on any impermissible factors when sentencing Voican and that his sentence of 42 months' imprisonment falls far below the statutory maximum of 22 years' imprisonment, *see* 18 U.S.C. §§ 1343, 1028A(a)(1). Regarding a challenge to the voluntariness of the waiver, counsel accurately states that, when a plea agreement and guilty plea are voluntary, the attendant waivers of the defendants' rights are also voluntary. *See United States v. Wenger,* 58 F.3d 280, 282 (7th Cir. 1995). Because Voican does not wish to challenge the voluntariness of his plea, it would be frivolous to contest his waiver of the right to appeal the sentence.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.