**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017
Decided November 21, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-4158

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:15-cr-40075-001 |
| DEDRICK MONTEZ JONES, *Defendant-Appellant.* | Sara Darrow, *Judge.* |

**O R D E R**

Rock Island police officers pulled Dedrick Jones over for speeding and, upon finding that he was driving with a suspended license, arrested him. Less than a minute after placing him in the back of a police car, and with the help of a drug-detecting dog, police found roughly 550 grams of cocaine in the vehicle's trunk. Jones was charged with possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). He moved to suppress the drug evidence because, he argued, the officers unlawfully seized him by prolonging the traffic stop until the dog's detection provided probable cause to search the trunk. The judge denied the motion, and Jones later pleaded guilty to the charge as part of a plea agreement, which preserved his right to

challenge the denial of this motion. He was sentenced to 10 years' imprisonment and eight years' supervised release. One day after receiving this sentence, he filed a notice of appeal.

His appellate counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she believes that any appeal would be frivolous. We gave Jones an opportunity to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so. Counsel's *Anders* brief adequately covers the issues that we would expect in a case of this type, so we limit our review of the record to the potential issues that counsel discusses. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009).

Counsel first evaluates whether Jones could challenge the district judge's denial of the motion to suppress. The judge found credible an arresting police officer's undisputed testimony that the police dog's sniff occurred 30 seconds after Jones was arrested and placed in the back of a squad car. Based on that factual finding, the judge concluded that the canine sniff during the stop did not cause an impermissible delay that violated Jones's Fourth Amendment rights.

The factual finding and legal conclusion are both unassailable. Regarding the factual finding, counsel correctly concludes that Jones could not plausibly challenge it because it is supported by undisputed evidence. And counsel rightly declines to contest the judge's legal conclusion: It would be pointless to argue that the police violated the Fourth Amendment, for Jones was under lawful arrest before the canine sniff (for driving with a suspended license), and the sniff occurred swiftly after his arrest. *See United States v. Fiala*, 929 F.2d 285, 288 (7th Cir. 1991) (ruling that 1.5 hour delay for drug-detecting dog to arrive did not result in seizure of defendant arrested for driving without valid license); *United States v. Hunnicutt*, 135 F.3d 1345, 1350 (10th Cir. 1998) ("[D]etention of [a] driver at the scene to accomplish a canine sniff is generally reasonable where the driver is already under lawful arrest."). Moreover the police dog's alert to drugs provided probable cause to search the vehicle's trunk under the automobile exception to the warrant requirement. *See United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014) (defining automobile exception to warrant requirement); *United States v. Thomas*, 87 F.3d 909, 912 (7th Cir. 1996) (police dog's detection of drugs provides probable cause). Thus counsel's proposed challenge to the suppression ruling would be frivolous.

Counsel next considers whether Jones could argue that his guilty plea was not knowing and voluntary. Jones did not move to withdraw his guilty plea in the district court and, counsel tells us, he does not wish to do so on appeal. A challenge to his plea therefore should neither be raised on appeal nor explored in an *Anders* submission. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel lastly evaluates Jones's sentence. First counsel rightly declines to argue that the 10-year prison sentence exceeds the statutory maximum. Jones was convicted of possessing at least 500 grams of cocaine with intent to distribute it, and he previously had been convicted of conspiring to distribute cocaine. Thus his sentence is not greater than the statutory maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Second counsel considers whether Jones could contest the district judge's application of the Sentencing Guidelines but correctly concludes that such a challenge would be frivolous. Because of his prior felony drug offense, Jones's crime carried a statutory minimum of 10 years' imprisonment, *see id.,* which exceeded the guidelines' range of 57–71 months imprisonment based on his offense level of 21 and criminal history category of IV. The statutory minimum, 10-year term of imprisonment was therefore the guideline sentence, *see* U.S.S.G. § 5G1.1(b), which the district judge recognized and imposed. As a final matter, counsel examines whether Jones could contend that his prison sentence is unreasonably high but properly concludes that this argument would go nowhere. The judge imposed the 10-year statutory-minimum prison sentence, and Jones did not qualify for an exception to it; he did not provide substantial assistance to the government, nor did he qualify for a safety-valve reduction because he had more than one criminal history point, *see* 18 U.S.C. § 3553(e), (f)(1).

Accordingly, we **GRANT** counsel's motion and **DISMISS** the appeal.