**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010
Decided September 14, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2564

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-CR-272 |
| | |
| DAVID A. WAUPOOSE, Jr., | William C. Griesbach, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

David Waupoose entered an agreement to plead guilty to voluntary manslaughter, *see* 18 U.S.C. § 1112(a), and received an above-guidelines sentence of 35 years' imprisonment. As part of his plea agreement, the parties agreed that a 35-year sentence would be reasonable in light of the government's agreement to dismiss an earlier count of first-degree murder for the same offense. In return, Waupoose agreed to waive his right to appeal his conviction and sentence. Waupoose nonetheless filed a notice of appeal, and his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he has concluded that any argument would be frivolous in light of the appeal waiver. Waupoose has filed a response opposing counsel's motion. *See* CIR. R. 51(b). Our review is confined to the potential issues addressed in counsel's brief and in Waupoose's response. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel represents that Waupoose does not wish to have his guilty plea set aside, and Waupoose does not dispute this point in his response to counsel's motion. Thus, counsel correctly forgoes discussion of possible challenges to the voluntariness of Waupoose's plea or the adequacy of his plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Because his guilty plea stands, so do his plea agreement and his waiver of appeal. *See United States v. Nunez*, 546 F.3d 450, 453 (7th Cir. 2008); *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007). Accordingly, we agree with counsel that any potential arguments on appeal related to Waupoose's sentence or conviction would be frivolous.

Counsel also examines whether Waupoose could argue that the district court erred by denying a motion to suppress a confession he gave to police before his arrest. But counsel correctly concludes that any such argument would be frivolous because in pleading guilty, Waupoose waived the right to raise constitutional claims that occurred before his plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Rodgers*, 387 F.3d 925, 933 (7th Cir. 2004).

In his Rule 51(b) response, Waupoose expresses his unhappiness with appellate counsel's lack of communication and the fact that his trial attorney did not explore the possibility of filing a "motion for mental health issues." Even though ineffective-assistance claims fall outside the scope of Waupoose's appeal waiver, any arguments regarding the effectiveness of counsel are better advanced in a collateral proceeding so that a more complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.